DONALD T. AND DINA MACKEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mackey v. Commissioner
Docket No. 31850-88
United States Tax Court
T.C. Memo 1991-149; 1991 Tax Ct. Memo LEXIS 168; 61 T.C.M. (CCH) 2323; T.C.M. (RIA) 91149; April 3, 1991, Filed *168 Decision will be entered for no deficiency, no section 6651 addition, and no overpayment. Donald T. Mackey, pro se. Alan E. Staines, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency of $ 664 in petitioners' 1983 Federal income tax, together with an addition to tax in the amount of $ 135 for untimely filing of a return under section 6651. Petitioners timely petitioned to this Court for a redetermination of tax and later amended the petition pursuant to Rule 41(a) to include a claim for overpayment of 1983 tax. [2]
*169 The issue for resolution is whether petitioners are entitled to a section 165 casualty or theft loss deduction disallowed by respondent in his notice of deficiency. For reasons explained below, if petitioners are so entitled, then they have overpaid their tax. If they are not so entitled, there is no overpayment of 1983 tax, but respondent is barred by the statute of limitations from assessing and collecting the deficiency in and addition to petitioners' 1983 tax, remaining after concessions. Respondent concedes that the period of limitations set forth in section 6501 bars assessment and collection of the amounts determined in the notice of deficiency. He further concedes that petitioners are entitled to increased tax credits for additional child care expenses of $ 544.50 and Federal gasoline fuel tax payments of $ 94.35, and to an increased miscellaneous deduction of $ 52.00. Petitioners concede that respondent correctly determined a recapture of investment tax credit for 1983 in the amount of $ 713. Because respondent's concessions do not fully offset respondent's determination in his notice of deficiency, respondent does not agree that petitioners are entitled to an overpayment *170 of 1983 tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners are husband and wife and filed a joint Federal income tax return for 1983. Petitioners resided in Dublin, California, at the time they filed their petition. Hereafter, singular reference to petitioner is to Donald T. Mackey. Petitioner operated a commuter van pool business as a sole proprietorship. This business involved the daily transport of passengers from their place of residence near Fairfield, California, to their workplace in San Francisco, California, and back again. Petitioner owned a large-size luxury van in which he transported passengers. He charged passengers $ 80 per month for this service. Prior to May 9, 1983, petitioner had a van pool ridership of eight passengers. In addition to his van pool business, petitioner held a full-time job which, until sometime in early 1983, was in San Francisco. Therefore, petitioner was able to drive the van commuter route himself for about 1 1/2 years, but had to discontinue driving it when his San Francisco employer transferred him to *171 Palo Alto, California, in early 1983. At that point, petitioner began to search for a purchaser of the van pool business. In the meantime, he hired a driver, Mr. Klink, to operate the van daily to and from San Francisco. Petitioner hoped to receive in exchange for sale of the business $ 3,600 in cash plus assumption of the loan that encumbered the van; remaining loan payments totaled approximately $ 15,000. Several buyers expressed an interest in purchasing the business under these terms and on April 30, 1983, a deal was struck with Messrs. Lendahl and Marino for that amount. They put down a $ 100 good faith deposit. Before the deal was completed however, petitioner met with misfortune. On May 9, 1983, Mr. Klink approached petitioner with a document signed by each van passenger notifying petitioner that each was cancelling ridership on his van. Mr. Klink advised petitioner that he was leaving to operate another van and was taking petitioner's passengers with him. As a result, the sale of the van pool business to Messrs. Lendahl and Marino fell through and petitioner returned their deposit. Petitioner scrambled to establish a new ridership and commuter route. However, he *172 was not successful in finding a buyer willing to purchase anything other than the van itself; that is, he was unable to command a premium price for an established van pool ridership. In July 1983, petitioner sold the van. In consideration for the purchase, the buyer agreed only to take over the remaining loan payments. As a result of these events, petitioner believed he had suffered a casualty or theft loss amounting to $ 3,600. Petitioners untimely filed their 1983 Federal income tax return on December 28, 1984. They reported a casualty or theft loss relating to the commuter van pool business in the amount of $ 3,500. The $ 100 difference is unexplained by the record. On September 12, 1987, petitioners consented to extend the time for respondent to assess tax for 1983 through June 30, 1988, via execution of Internal Revenue Service Form 872. As a result of an examination performed of petitioners' 1983 taxable year, respondent issued a notice of deficiency on September 9, 1988, in which he disallowed the loss deduction. OPINION Section 6501(a) requires that any tax imposed by the Code be assessed within 3 years after the applicable return is filed. However, if the parties *173 agree in writing, the period of limitations may be extended as agreed upon. Sec. 6501(c)(4). Here, the applicable return was filed on December 28, 1984. The parties agreed in writing to extend the 3-year limitations period from December 28, 1987, to June 30, 1988, but the period expired prior to respondent's issuance of the notice of deficiency. Respondent has so conceded by way of stipulation, and thus is barred from assessing and collecting the determined deficiency in and addition to tax. Though our jurisdiction has not been challenged here, we take the occasion to observe that application of the statute of limitations does not pose a jurisdictional question. Rather, the statute of limitations is an affirmative defense to be raised by the parties. Rule 39; , affd. by unpublished opinion . See also . Therefore, despite agreement by the parties that respondent is barred by the statute of limitations, petitioners' overpayment claim properly remains before us. Sec. 6512(b)(1). The parties *174 agree that petitioner paid the amounts in question within the time period set forth in section 6512(b)(3)(B). Respondent contends that notwithstanding the expiration of the statute of limitations, petitioners are not entitled to an overpayment of 1983 tax resulting from respondent's concessions, unless they disprove the correctness of respondent's time-barred notice of deficiency in which a claimed casualty or theft loss was disallowed. We need not decide this issue because, as we set forth below, petitioners have not proved their loss. We now turn, then, to the issue of whether petitioners are entitled to a section 165 loss deduction. Under that section, a loss incurred by an individual in a trade or business and not compensated by insurance or otherwise is deductible. Secs. 165(a) and (c)(1). "The basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property." Sec. 165(b). Petitioner argues that he suffered a loss when the ridership in his van pool business was lured away by his employee. He categorizes the loss as either a casualty or theft. Respondent *175 argues that the ridership in petitioner's van pool business does not constitute property in which petitioner has shown he has a basis for determining a loss under section 165. Though petitioner does not expressly make the argument, we take it he contends the ridership in his van pool constituted an intangible asset in which he had an adjusted basis of at least $ 3,600. We can see no other position which would support a loss deduction under these facts. Petitioner does not argue that the eventual sale of the van itself gave rise to the claimed section 165 loss and indeed the record indicates that there was a gain on the sale of the van. Neither does petitioner argue that he held tangible contractual rights to receive payment from the passengers lured away. Yet, in their Trial Memorandum petitioners expressed an aversion to using the term "goodwill" (an intangible asset) to describe the claimed loss property; however, we find it to be the most apt description of what petitioners claim they lost to casualty or theft. A loss of intangible assets used in a trade or business has been held deductible under section 165. ; *176 . The amount deductible under section 165 shall not exceed the taxpayer's adjusted basis in the property at the time of its loss. Secs. 1.165-1(c)(1), -7(b), and -8(c), Income Tax Regs. To meet the burden of proving a section 165 loss, the taxpayer must establish the amount of adjusted basis in the property. (claimed loss of intangible asset denied for failure to establish adjusted basis); , affd. by unpublished opinion (claimed loss of tangible asset denied for failure to establish adjusted basis). Petitioner offered testimonial and documentary evidence that immediately prior to the alleged casualty or theft he could have received $ 3,600 more for the sale of his van pool business than he was able to get for it immediately afterward. The evidence was probative on the issue of fair market value of petitioner's van pool ridership, but failed in all respects to establish petitioner's adjusted basis in that intangible *177 asset. Basis in property is generally established at the taxpayer's cost and is adjusted for items properly chargeable to capital account. Secs. 1012, 1011, and 1016. Petitioner has adduced no evidence that any basis in his van pool ridership was ever acquired. Further, it is apparent to the Court that petitioners are attempting to deduct the loss of their anticipated profits of $ 3,600 arising from the potential sale of the van and its ridership pool. ; . Such losses are not deductible where the anticipated profits have not been included in income. Petitioners are therefore not entitled to the loss claimed for 1983 under section 165. We note that at trial we reserved our ruling until issuance of this opinion on whether a document offered into evidence by petitioner regarding the sale of the van and its ridership pool should be admitted over respondent's objection that it contained hearsay. That document was not admitted into evidence as it constitutes hearsay. Accordingly, respondent's disallowance of the loss in his notice of deficiency is sustained *178 and there is no overpayment of tax to which petitioners are entitled. Respondent is barred by the statute of limitations from assessing or collecting the remaining deficiency in tax after concessions. We need not consider the addition to tax issue raised by the notice of deficiency, as respondent is barred by the statute of limitations from assessment or collection of that amount also.
Decision will be entered for no deficiency, no section 6651 addition, and no overpayment. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In their amended petition, petitioners also included a claim for overpayment of their 1982 Federal income tax. However, respondent never issued a statutory notice of deficiency with respect to petitioners' 1982 tax year and we are without jurisdiction to determine an overpayment in petitioners' 1982 taxes. Sec. 6214(b); Rule 13(a). By Order dated October 2, 1989, we dismissed the case for lack of jurisdiction insofar as it relates to taxable year 1982.↩